IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONOVAN E. ESDAILE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 05-794-JJF |
| DELAWARE CORRECTIONAL CENTER BUSINESS OFFICE and CORRECTIONAL OFFICER D. WHITE, | : |
| Defendants. | : |

### MEMORANDUM ORDER

Plaintiff Donovan E. Esdaile ("Esdaile"), an inmate at the Delaware Correctional Center ("DCC"), brings this civil rights action pursuant to 42 U.S.C. §1983. He appears pro se and on November 28, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3). The Court now proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claim against the DCC Business Office is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.   **THE COMPLAINT**

Plaintiff file a lawsuit in the Justice of the Peace Court No. 9 of the State of Delaware, New Castle County, seeking recovery of personal property (i.e., jewelry) lost during a transfer from the Howard R. Young Correctional Institution to the DCC. The filing fee was due on or before April 11, 2005. (D.I.

2, Ex. C).

Plaintiff alleges that his payment request was logged by Defendant White on March 11, 2005, and that due to the actions of the DCC Business Office the case was dismissed. Id. at Ex. E. Plaintiff submitted exhibits indicating the case was dismissed on April 12, 2005, for failure to timely pay the filing fee. Id. at Ex. A. Also, correspondence from the Justice of the Peace Court No. 9 Clerk's Office, dated May 23, 2005, indicates that Plaintiff's filing fee was returned to him because the case was dismissed in April 2005 for nonpayment of the filing fee.

II.    **STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn

2

therefrom." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)(citing <u>Holder v. City of Allentown</u>, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, <u>pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

Plaintiff names the DCC Business Office as a party Defendant. To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. See <u>Daniels v. Williams</u>, 474 U.S. 327, 330 (1986). The claim against the DCC Business is barred by <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. See <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005).

Additionally, the DCC Business Office is immune from suit. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." <u>Laskaris v. Thornburgh</u>, 661 F.2d 23, 25 (3d Cir.

3

1981) (citing <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. <u>See Ospina v. Dep't of Corr.</u>, 749 F.Supp. 572, 579 (D.Del. 1991). Hence, as an agency of the State of Delaware, the DCC, including its Business Office, is entitled to immunity under the Eleventh Amendment. <u>See</u> <u>e.g.</u> <u>Evans v. Ford</u>, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

The DCC Business Office is not a person within the meaning of § 1983, and as an agency of the State of Delaware is immune from suit. As a result, the claim against it lacks an arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV. CONCLUSION**

NOW THEREFORE, at Wilmington this 27 day of February, 2006, IT IS HEREBY ORDERED that:

1. Plaintiff's claim against Defendant Delaware Correctional Center Business Office is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The court has identified a cognizable First Amendment access to courts claim against Defendant Correctional Officer D. White. Plaintiff is allowed to PROCEED against this Defendant.

4

IT IS FURTHER ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to Plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **Defendant Correctional Officer D. White** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). Plaintiff provided the Court with a copy of the complaint (D.I. 2) for service upon the Defendant. Plaintiff is notified that the United States Marshal will not serve the complaint **until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the Defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or Defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the Defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed

5

"Waiver of Service of Summons" form has not been received from a Defendant, the United States Marshal shall personally serve said Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said Defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a Defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.  **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE