IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONOVAN E. ESDAILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 05-794-JJF |
| v. | ) |
| | ) Jury Trial Requested |
| | ) |
| CORRECTIONAL OFFICER D. WHITE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS**

**STATEMENT OF FACTS**

1. Plaintiff Donovan E. Esdaile ("Esdaile" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On November 16, 2005, Esdaile filed a complaint (the "Complaint") against the Delaware Correctional Center's Business Office and Correctional Officer D. White ("Officer White" or "Defendant") (D.I. 2). In his Complaint, Esdaile alleges that he filed a lawsuit in the Justice of the Peace Court and the lawsuit was dismissed "due to the lateness of the Delaware Correctional Center Business Office sending my filing fee into the court." (Complaint, "Statement of Claim" at ¶ IV.3). Esdaile's Complaint makes no allegations against Officer White.

3. On February 27, 2006, the Court dismissed all claims against the DCC Business Office. (D.I. 5). Therefore, Officer White is the only remaining defendant in this proceeding. Neither SCI nor DCC are defendants in this action.

4. Over 280 days after he filed the Complaint, on August 27, 2006, Esdaile served Officer White with the Complaint. (D.I. 11).

5. On October 23, 2006, Officer White filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted (the "Motion to Dismiss"). This is the Defendant's Memorandum of Points and Authorities in support of the Motion to Dismiss.

## MEMORANDUM OF LAW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss the Court asks whether, "'the facts alleged in the complaint, even if true, fail to support the ... claim.'" *Id.* (quoting *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988)). A court must grant a motion to dismiss where "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Incorporated*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Given that no set of facts support a case against Officer White, the Motion to Dismiss should be granted.

I.  **PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY PERSONAL INVOLVEMENT BY OFFICER WHITE.**

To establish a civil rights claim under 42 *U.S.C.* § 1983 a plaintiff must prove that, (1) the conduct complained of was committed by a person acting under color of state law; and (2) the plaintiff was deprived of a right or privilege secured by the Constitution or the laws of the United States. *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985). To support a claim for a civil rights violation a plaintiff must show that the defendant had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, a plaintiff must prove that the accused official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981).

In this case, Plaintiff's Complaint fails to make any allegations against Officer White. In fact, Plaintiff states only that the Delaware Correctional Center's Business Office failed to send the filing fee that resulted in the dismissal of his Justice of the Peace Court case. Officer White's name is mentioned only in the caption. Therefore, the Complaint fails to allege any personal involvement by Officer White.

Moreover, Officer White did not play an affirmative role in the deprivation of Esdaile's rights. An inmate at DCC who needs to pay a filing fee to a court must first fill out a Pay-to. (Ex. "A" at 1, ¶4.) "A Pay-to is a form that authorizes the DCC Business Office to take money from the inmate's account and send a check to the designated recipient listed in the inmate's Pay-to." (Ex. "A" at 1, ¶3.) After the inmate fills out the Pay-to, he gives the Pay-to to the officer working on his tier. (Ex. "A" at 1, ¶4.) Once the officer working on the tier receives the Pay-to, he verifies the

inmate's identification and signs the bottom of the Pay-to acknowledging that he confirmed the inmate's identification. (Ex. "A" at 1-2, ¶4.) The officer receiving the Pay-to then gives the Pay-to to the officer in charge or "OIC" to log in on the building log sheet. (Ex. "A" at 2, ¶5.) The building log sheet is later deposited in a locked mail box labeled "Business Office." (Ex. "A" at 2, ¶5.)

Officer White admits that on March 11, 2005, Esdaile gave him a Pay-to form. (Ex. "A" at 2, ¶6.) Officer White examined the Pay-to, verified Esdaile's identification and signed the bottom of the Pay-to. (Ex. "A" at 2, ¶6.) As is procedure, Officer White then submitted Esdaile's Pay-to to the officer in charge to log in on the building log sheet. (Ex. "A" at 2, ¶6.) The building log sheet for March 11 indicates that Esdaile's Pay-to was logged. (Ex. "B"). After Officer White gave the Pay-to to the officer in charge, his duty, with respect to Esdaile's Pay-to, was complete. Officer White has no further knowledge of what happened to Esdaile's Pay-to after he gave it to the officer in charge. (Ex. "A" at 3, ¶7).

Officer White followed proper protocol regarding Esdaile's Pay-to. After he gave Esdaile's Pay-to to the officer in charge he had no further involvement in the payment of the filing fee to the Justice of the Peace Court. Therefore, Officer White did not play an affirmative role in the alleged deprivation of Esdaile's rights and the case should be dismissed.

II.     **PLAINTIFF CANNOT PROVE OFFICER WHITE DENIED HIM ACCESS TO THE COURTS.**

Esdaile claims that his constitutional right of access to the courts was violated when the Business Office failed to send money to the Justice of the Peace Court in time to permit his case to be heard. To establish a claim of right of access to the courts

a plaintiff must prove that he has suffered an actual injury. "That is, the inmate must 'demonstrate that the alleged shortcomings … hindered his efforts to pursue a legal claim.'" *Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). The underlying legal claim must be "specifically identified and meritorious." *Allen v. Ripoll*, 150 Fed.Appx. 148, 150 (3d Cir. 2005).

Esdaile cannot demonstrate that his underlying legal claim is meritorious. In the appeal of Esdaile's Justice of the Peace case, the Court of Common Pleas reviewed Esdaile's case and dismissed it because it was "factually frivolous" and "legally frivolous." (See Complaint at Ex. "D"). According to the Court of Common Pleas then, Esdaile's underlying claim is not meritorious. Therefore, Esdaile cannot support a claim for an unconstitutional denial of access to the courts and his case against Officer White should be dismissed for failure to state a claim upon which relief may be granted.

### III. OFFICER WHITE IS IMMUNE FROM LIABILITY FOR PLAINTIFF'S CLAIMS.

A review of the allegations in the Complaint clearly reveals that Officer White is immune from liability in this case in his official and individual capacities.

#### A. The Eleventh Amendment protects Officer White from liability in his official capacity.

Plaintiff's Complaint appears to allege that Officer White is liable in his official capacity as the Complaint names the Defendant as a Correctional Officer. To the extent Esdaile seeks to hold Officer White liable in his official capacity, Officer White is immune from liability under the Eleventh Amendment.

The Eleventh Amendment states that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The United States Supreme Court has held that the Eleventh Amendment immunizes a state "from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

"The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F.Supp.2d 672, 678 (D. Del. 2002). The United States Congress can waive a state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment, however, a clear indication of Congress's intent to waive the state's immunity is required. *Id.* No such clear intent is present in 42 *U.S.C.* § 1983. In fact, Congress's intent appears to be to the contrary as the statute facially allows suits only to be brought against persons. 42 *U.S.C.* § 1983.

A suit against a state official in his official capacity is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, Officer White, in his official capacity, is not a "person" for purposes of 42 *U.S.C.* § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, Officer White is outside the class of persons subject to liability under 42 *U.S.C.* § 1983 and this Court lacks jurisdiction over him in his official capacity. Therefore, dismissal is appropriate.

### B. The doctrine of qualified immunity protects Officer White from liability in his individual capacity.

Plaintiff cannot maintain an action against Officer White in his individual capacity pursuant to the doctrine of qualified immunity. Government officials

performing discretionary functions are immune from liability for damages, provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is clearly established when, "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Furthermore, state defendants are entitled to qualified immunity where they acted in good faith, without gross or wanton negligence, in the performance of their discretionary duties. *Vick v. Haller*, 512 A.2d 249, 252 (Del. Super. 1986).

In this case Officer White received the Pay-to from Esdaile and gave it to the officer in charge in accordance with DCC's procedures. Therefore, Officer White could not have believed that his actions violated Esdaile's constitutional rights. Further, Officer White did not, in fact, violate Esdaile's constitutional rights because he was not responsible for sending, or failing to send, the money to the Justice of the Peace Court to pay for Esdaile's filing fees.

WHEREFORE, Officer White respectfully requests that this Honorable Court grant the Motion to Dismiss filed simultaneously herewith and dismiss this case with prejudice.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
    Attorney for the Defendant

Dated: October 23, 2006

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on October 23, 2006, I caused a true and correct copy of the attached *Defendant's Memorandum Of Points And Authorities In Support Of The Motion To Dismiss* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Donovan E. Esdaile
SBI #505340
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

__ Two true copies by Federal Express

__ Two true copies by hand delivery to each recipient

                                                */s/ Erika Y. Tross*
                                                Erika Y. Tross (#4506)
                                                Deputy Attorney General
                                                Delaware Department of Justice
                                                Carvel State Office Building
                                                820 N. French Street, 6th Floor
                                                Wilmington, DE 19801
                                                302-577-8400