IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONOVAN E. ESDAILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 05-794-JJF |
| v. | ) |
| | ) Jury Trial Requested |
| | ) |
| CORRECTIONAL OFFICER D. WHITE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [RE: D.I. 21]**

COMES NOW, Defendant Correctional Officer David J. White ("Officer White"), by and through his undersigned counsel, and hereby responds in opposition (the "Response") to Plaintiff's Motion to Amend the Complaint (the "Motion to Amend") (D.I. 21). In support of the Response, Officer White states as follows:

1. Plaintiff Donovan E. Esdaile ("Esdaile" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On November 16, 2005, Esdaile filed a complaint against the Delaware Correctional Center's Business Office and Correctional Officer D. White (the "Original Complaint") (D.I. 2). In the Original Complaint Esdaile alleges that he filed a lawsuit in the Justice of the Peace Court and the lawsuit was dismissed "due to the lateness of the Delaware Correctional Center Business Office sending my filing fee into the court." (Original Complaint at Statement of Claim ¶ IV.3). The Original Complaint,

however, makes no specific allegations against Officer White or any employee of the DCC.

3. On February 27, 2006, the Court dismissed all claims against the DCC Business Office leaving Officer White as the only remaining defendant in the action. (D.I. 5). Esdaile served Officer White with the Original Complaint on August 27, 2006. (D.I. 11)

4. Approximately two months after he was served, on October 23, 2006, Officer White filed a Motion to Dismiss Plaintiff's Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted (the "Motion to Dismiss") (D.I. 13, 14). To date, Esdaile has not filed a response to the Motion to Dismiss and the Court has not yet issued a decision.

5. On May 14, 2007 – approximately seven months after Officer White filed the Motion to Dismiss and a year and a half after Esdaile filed the Original Complaint – Esdaile filed the Motion to Amend. By the Motion to Amend, Esdaile seeks to add Tanya Smith, Carroll Powell, and Corporal Robert Herpel (the "New Defendants") as defendants. Esdaile offers no reason in the Motion to Amend for why he wishes to add the New Defendants nor does he offer an explanation for his delay. Further Esdaile makes no allegations against the New Defendants. Rather Esdaile simply states, "The claims are the same in original complaint." (Motion to Amend at Statement of Claim).

6. Officer White asserts that Esdaile is prohibited from amending the Original Complaint to add the New Defendants because the amendments are futile and Esdaile is guilty of undue delay. This is Officer White's Response in Opposition to the Plaintiff's Motion to Amend.

7. Federal Rule of Civil Procedure 15(a) states that a party may amend his pleadings after the responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Officer White objects to Esdaile's request to amend the Original Complaint. Therefore, Esdaile must receive permission to amend from the Court.

8. A court should deny a Plaintiff leave to amend where the Plaintiff is "guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). In this case it is clear that Plaintiff's claims against the New Defendants are futile. Moreover Plaintiff is guilty of undue delay.

9. Esdaile's Motion to Amend fails to make a single allegation against the New Defendants. Rather the Motion to Amend states only that, "The claims are the same in original complaint." (Motion to Amend at Statement of Claim). An examination of the Original Complaint, however, reveals that Esdaile did not allege any personal involvement by the New Defendants. In fact, neither the Original Complaint nor the exhibits attached to the Original Complaint make any mention of the New Defendants. It is clear then that Esdaile cannot state a claim against the New Defendants or allege any personal involvement on their part. Therefore Esdaile cannot maintain an action against the New Defendants and his attempt to amend the Original Complaint to add the New Defendants is futile.

10. Esdaile is also guilty of undue delay. The Motion to Amend fails to offer a single reason for Esdaile's failure to name the New Defendants in his Original

Complaint or his failure to add them prior to Officer White filing his Motion to Dismiss. Because Esdaile cannot offer a good faith basis for his failure to name the New Defendants as defendants prior to this point, the Court should deny his request to amend the Original Complaint based on undue delay.

WHEREFORE, Officer White respectfully requests that this Honorable Court deny Plaintiff's Motion to Amend the Complaint.

                **DEPARTMENT OF JUSTICE**
                **STATE OF DELAWARE**

                */s/ Erika Y. Tross*
                Erika Y. Tross (#4506)
                Deputy Attorney General
                Carvel State Office Building, 6th Floor
                820 N. French Street
                Wilmington, DE  19801
                (302) 577-8400
                 Attorney for Officer David White

Dated: May 31, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONOVAN E. ESDAILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 05-794-JJF |
| v. | ) |
| | ) Jury Trial Requested |
| | ) |
| CORRECTIONAL OFFICER D. WHITE, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Upon the Plaintiff's Motion to Amend the Complaint (D.I. 21) and Defendant's Response in Opposition to Plaintiff's Motion to Amend the Complaint; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Complaint is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court Judge

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on May 31, 2007, I caused a true and correct copy of the attached ***Defendant's Response in Opposition to Plaintiff's Motion to Amend the Complaint [Re: D.I. 21]*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Inmate Donovan E. Esdaile
SBI #505340
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400