IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONOVAN E. ESDAILE,               :
                                  :
        Plaintiff,                :
                                  :
    v.                            :   Civil Action No. 05-794-JJF
                                  :
CORRECTIONAL OFFICER D. WHITE     :
                                  :
        Defendant.                :

---

Donovan E. Esdaile, Pro Se Plaintiff.

Erika Y. Tross, Deputy Attorney General, Wilmington, Delaware.
Attorney for Defendant.

---

**MEMORANDUM OPINION**

July 23, 2007
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court are Defendant David J. White's Motion To Dismiss (D.I. 13) and Plaintiff Donovan E. Esdaile's Motion To Amend The Complaint (D.I. 21). For the reasons that follow, the Court will deny Plaintiff's Motion and grant the Motion To Dismiss filed by Defendant.

**I. Background**

Plaintiff, Donovan E. Esdaile ("Plaintiff"), SBI # 505340, is a pro se litigant presently incarcerated at Delaware Correctional Center ("DCC") in Smyrna, Delaware. The defendant is Officer D. White ("Officer White"). Plaintiff filed this action under 42 U.S.C. § 1983 alleging that he was denied access to the courts because DCC's failure to timely submit his filing fees resulted in the dismissal of an earlier lawsuit.

In 2005, Plaintiff instituted an action in the Justice of the Peace Court No. 9 of the State of Delaware, New Castle County, seeking the recovery of jewelry that his family had allegedly been prevented from claiming. The filing fee for this action was due on or before April 11, 2005, but was not received on time, and the action was dismissed on April 12, 2005. (D.I. 2. Ex. A, C). Plaintiff alleges that he gave a timely filing fee payment request to Defendant White, who then logged it with the DCC Business Office on March 11, 2005. Id. at Ex. E. Plaintiff further alleges that his case was dismissed because the DCC

1

Business Office was late in processing this payment request. Id.
Plaintiff submitted exhibits indicating that his payment request
was logged on March 11, 2005, (Ex. E), funds were deducted from
his account on April 29, 2005, (Ex. H), the filing fee was
returned to Plaintiff on May 23, 2005, (Ex. C), and the funds
were returned to Plaintiff's account on May 26, 2005. (Ex. H).

On November 16, 2005, Plaintiff filed a Complaint against
the DCC Business Office and Officer White. Id.  On February 27,
2006, the Court dismissed all claims against the DCC Business
Office. (D.I. 5).  On October 23, 2006, Officer White filed the
present Motion To Dismiss, seeking dismissal of the Complaint
pursuant to Fed. R. Civ. P. 12(b)(6).  On May 14, 2007, Plaintiff
filed a Motion To Amend his Complaint to add three new
defendants: Tanya Smith, Carroll Powell, and Corporal Robert
Herpel.

## II. Legal Standard

### A.  Motions To Dismiss

Pursuant to Rule 12(b)(6), a party may move to dismiss a
pleading for failure to state a claim upon which relief may be
granted. Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to
dismiss is to test the sufficiency of a complaint, not to resolve
disputed facts or decide the merits of the case.  As such, when a
court analyzes a motion to dismiss brought pursuant to Rule
12(b)(6), it must accept the factual allegations of the Complaint

as true and draw all reasonable inferences in favor of the
nonmoving party.  However, Pro se complaints are held to "less
stringent standards than formal pleadings drafted by lawyers."
Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Erickson v.
Pardus, 127 S.Ct. 2197 (2007).

    B.    Motions To Amend

    "After amending once or after an answer has been filed, the
plaintiff may amend only with leave of the court or the written
consent of the opposing party, but leave shall be freely given
when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115
(3d Cir. 2000)(quoting Fed. R. Civ. P. 15(a)).  The Third Circuit
has adopted a liberal approach to the amendment of pleadings to
ensure that "a particular claim will be decided on the merits
rather than on technicalities." Dole v. Arco Chemical Co., 921
F.2d 484, 486-87 (3d Cir. 1990)(citations omitted).

    Leave to amend should be granted absent a showing of "undue
delay, bad faith or dilatory motive on the part of the movant,
repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party by virtue of the
allowance of the amendment, futility of amendment, etc." Foman v.
Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226
F.3d 275, 291 (3d Cir. 2000).  Futility of amendment occurs when
the complaint, as amended, does not state a claim upon which
relief can be granted. See In re Burlington Coat Factory Sec.

3

Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  If the proposed
amendment "is frivolous or advances a claim or defense that is
legally insufficient on its face, the court may deny leave to
amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133
F.R.D. 463, 469 (D.N.J. 1990).

## III. Discussion

    A.   Whether Plaintiff Has Stated A Claim For Which Relief
          Can Be Granted Against Officer White

In order to establish a claim under Section 1983, a
plaintiff must show: (1) the conduct complained of was committed
by a person acting under color of state law, and (2) the conduct
deprived the plaintiff of a federally secured right. Moore v.
Tartler, 986 F.2d 682, 685 (3d Cir. 1993).  A plaintiff must also
show that the defendant was personally involved in the alleged
deprivation. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.
1988).

Plaintiff's Complaint primarily alleges that the DCC
Business Office mishandled his pay-to request, resulting in
dismissal of his lawsuit.  The only reference to Officer White
appears in an April 20, 2005 Grievance Report that Plaintiff
attached as an exhibit to the Complaint.  In that report,
Plaintiff asserts that "[t]he pay-to was logged by Officer White,
log # w9883 logged on 3-11-05." (D.I. 2, Ex. E).  However,
Plaintiff does not allege that Officer White's logging of the
pay-to request deprived Plaintiff of access to the courts.  There

4

is no assertion that Officer White worked in the DCC Business
Office.  Thus, viewing the facts in a light most favorable to
Plaintiff, once Officer White logged Plaintiff's pay-to request,
he had no further involvement in the payment of the filing fee to
the Justice of the Peace Court.  Therefore, the Court concludes
that Plaintiff has failed to state a claim for which relief can
be granted against Officer White, and accordingly, the Court will
grant Officer White's motion and dismiss the Complaint.

     B.   <u>Whether Plaintiff Should Be Granted Leave To Amend</u>

     By his motion, Plaintiff proposes to add three new
defendants: Tanya Smith, Carroll Powell and Corporal Robert
Herpel.  A civil rights complaint must state the conduct, time,
place, and persons responsible for the alleged civil rights
violations. <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir.
2005)(citing <u>Boykins v. Ambridge Area Sch. Dist.</u>, 621 F.2d 75, 80
(3d Cir. 1980).  Also, when asserting a § 1983 claim, a plaintiff
must allege that some person has deprived him of her of a federal
right, and that the person who caused the deprivation acted under
color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

     Here, Plaintiff alleges that Corporal Herpel "was the acting
desk officer or building sergeant to whom defendant White was
supposed to deliver plaintiff's pay-to slip." (D.I. 23).  He
further alleges that Smith was the designated recipient of the
pay-to request and Powell was the designated recipient of the

disbursed check who was responsible for mailing the check to its designation. Id.  However, Plaintiff makes no reference to any errant conduct by the proposed defendants that allegedly violated his rights, and has therefore failed to establish a critical element of a § 1983 claim against any of the proposed defendants. Because Plaintiff has failed to allege a cognizable claim against Smith, Powell or Herpel, the Court concludes that the proposed amendments to the Complaint are futile.  Accordingly, the Court will deny Plaintiff's Motion.

**IV. Conclusion**

For the reasons discussed, the Court will grant Defendant's Motion To Dismiss (D.I. 13), and deny Plaintiff's Motion To Amend The Complaint (D.I. 21).  An appropriate order will be entered.